# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-800V
Filed: June 6, 2019
Unpublished

|  |  |
|---|---|
| DARON NELSON,<br><br>                              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                              Respondent. | Petitioner's Motion for Decision<br>Dismissing Petition; Tetanus Diphtheria<br>acellular Pertussis (Tdap) Vaccine;<br>Transverse myelitis ("TM");<br>Neuromyelitis Optica ("NMO") |

*Joseph Alexander Vuckovich*, Washington, DC, for petitioner.
*Althea Walker Davis*, Washington, DC, for respondent.

**HORNER, Special Master**

### DISMISSAL DECISION[1]

On June 14, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that tetanus-diphtheria-acellular pertussis ("Tdap") vaccine he received on January 13, 2015 caused him transverse myelitis ("TM") and neuromyelitis optica ("NMO"). (Pet. at ¶¶ 1, 6.)

On May 20, 2019, petitioner filed a status report, stating that "[f]ollowing further consultation with an expert neurologist, petitioner and [petitioner's] counsel have determined that petitioner will not file an expert report in this case." (ECF No. 26.) Petitioner requested 14 days to decide whether petitioner will file a motion for a ruling on the record or a motion for a decision denying compensation. (*Id.* at 1.)

On June 3, 2019, petitioner filed a Motion for Decision Denying Compensation, stating that "[p]etitioner has filed all evidence [p]etitioner believes is relevant to this matter and does not

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

intend to file further evidence in support of [his] case." (ECF No. 27.)  Petitioner waived his right to a hearing or any further proceeding and further stated that "[p]etitioner understands that this motion will result in an unfavorable decision by the Special Master, resulting in a judgment against [p]etitioner.  Petitioner has been advised that such an unfavorable judgment will end [p]etitioner's claim under the Vaccine Act.  Petitioner may apply for fees and costs once [p]etitioner's entitlement case is concluded." (*Id*. at 1.)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that he suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health and Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion.

Examination of the record does not disclose any evidence that petitioner suffered a "Table Injury."  Further, petitioner's medical records do not support his allegations by a preponderance of the evidence and he did not file a medical opinion from an expert in support of his allegations.  Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Denying Compensation and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

s/ Daniel T. Horner
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.